UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FULLER           ]
      Petitioner,        ]
                         ]
v.                       ]         No. 3:09-0394
                         ]         Echols/Brown
STATE OF TENNESSEE, et al. ]
      Respondents.       ]

**To:** Honorable Robert L. Echols, District Judge

## R E P O R T  A N D  R E C O M M E N D A T I O N

By an order (Docket Entry No. 13) entered July 1, 2009, the Court referred this action to the Magistrate Judge " for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.J."

Presently pending before the Court are respondents' Motion to Dismiss (Docket Entry No. 9) and petitioner's Reply to the Motion to Dismiss (Docket Entry No. 12). The undersigned has carefully reviewed these pleadings along with the record as a whole and respectfully concludes that, for the reasons stated below, respondents' Motion to Dismiss has merit and should be granted.

### I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Charles Bass Correctional Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee and Flora Holland, Warden of the Charles Bass Correctional Facility, seeking a writ of habeas corpus.

In April, 2002, a jury in Davidson County found the petitioner guilty of especially

1

aggravated kidnapping (2 counts), aggravated burglary, aggravated robbery, evading arrest and reckless endangerment. Docket Entry No. 1 at pg. 4. For these crimes, he received an aggregate sentence of fifty six (56) years in prison. *Id.* at pgs. 9-17. On direct appeal, the Tennessee Court of Criminal Appeals reversed one of the kidnapping convictions. However, the remaining convictions and the aggregate sentence were affirmed. *Id.* at pg. 4. On further review, the Tennessee Supreme Court reinstated the kidnapping conviction previously reversed by the Tennessee Court of Criminal Appeals. *Id.* The United States Supreme Court then denied petitioner's application for a writ of certiorari. *Id.* at pg. 5.

On June 8, 2006, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. *Id.* Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition for post-conviction relief. Docket Entry No. 10-1. An appeal of that ruling is currently pending in the Tennessee Court of Criminal Appeals. Docket Entry No. 1 at pg. 5.

## II. PROCEDURAL HISTORY

On April 29, 2009, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief. The petition sets forth four claims for relief which include :

> 1) the requirement of exhaustion should be excused "due to inordinate delay of state appointed attorney";
>
> 2) ineffective assistance of counsel[1]
>     a) failure to oppose and appeal an incomplete
>        lesser included aggravated kidnapping jury
>        instruction;
>     b) failure to object to the petitioner's classification

---

[1] At trial, the petitioner was represented by Jeffre Scott Goldtrap, a member of the Davidson County Bar.

as a multiple offender for sentencing purposes;

    3)    petitioner's aggregate sentence was calculated and imposed contrary to the holding of Blakely v Washington.

Upon preliminary review of the petition, the Court determined that this action was not facially frivolous. Rule 4, Rules - - - § 2254 Cases. Accordingly, an order (Docket Entry No. 6) was entered on May 21, 2009 directing the respondents to file an answer, plead or otherwise respond to the petition. The respondents have answered the petition with a Motion to Dismiss (Docket Entry No. 9), to which the petitioner has filed a Reply (Docket Entry No. 12). Having carefully considered these pleadings and the record, it appears to the undersigned that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. EXHAUSTION REQUIREMENT

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Hamm v. Saffle, 300 F.3d 1213, 1216 (6th Cir. 2002). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, a petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once the federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990). In Tennessee, a

3

petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

The petitioner bears the burden of pleading and proving that he has exhausted those remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). As is evident from his first claim, the petitioner is well aware that he has not yet fully exhausted his state court remedies prior to initiating the instant action. At least two of his present claims questioning the effectiveness of counsel (Claim Nos. 2a and 2b) remain pending in his post-conviction appeal. Docket Entry No. 1 at pg. 5. For that reason, the respondents urge that dismissal for failure to exhaust would be appropriate. The petitioner, on the other hand, claims that the delay of little more than a year in disposing of his post-conviction petition has rendered state court remedies ineffective.[2]

Despite the strong public policy requiring a prisoner to exhaust his state court remedies, the failure to do so is not an absolute bar to federal habeas corpus relief. Granberry, *supra* at 107 S.Ct. 1674. Exhaustion is based on the assumption that the state remedies available to a prisoner are adequate and effective to vindicate federal constitutional rights. When state remedies become ineffective or inadequate, the rationale behind exhaustion is undercut and federal courts may take whatever action is required by the situation. Shelton v. Heard, 696 F.2d 1127, 1128 (5th Cir. 1983); 28 U.S.C. § 2254(b)(1)(B)(ii).

An inordinate delay in adjudicating federal claims in the state courts may render state

---

[2] The petitioner was denied post-conviction relief on June 3, 2008. Docket Entry No. 10-1. Twenty days later, he filed a Notice of Appeal challenging this ruling. Docket Entry No. 1 at pg. 5. Petitioner's post-conviction proceeding has remained pending in the Tennessee Court of Criminal Appeals since that date.

4

remedies ineffective or futile. Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir. 1992)(delay of three years sufficient to constitute an inordinate delay); *see also* Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994)(delay of two years sufficient to excuse exhaustion). But to excuse the petitioner from first fully exhausting his claims in the state courts, any inordinate delay must be wholly attributable to the state rather than to the individual. Edelbacher v. Calderon, 160 F.3d 582, 586 (9th Cir. 1998); Deters v. Collins, 985 F.2d 789, 796 (5th Cir. 1993).

According to the petitioner, the delay in adjudicating his post-conviction appeal is attributable to court-appointed counsel's failure to timely supplement the appellate record and failure to file an appellate brief.[3] The failures of a court-appointed attorney and delays by the court are attributable to the state rather than to the individual criminal defendant. Turner v. Bagley, 401 F.3d 718, 726 (6th Cir. 2005).

On June 23, 2008, petitioner's attorney filed a Notice of Appeal with the Tennessee Court of Criminal Appeals, challenging the denial of post-conviction relief. Docket Entry No. 1 at pg. 5. Five months later, that court granted the petitioner's motion to supplement the appellate record with transcripts of the post-conviction evidentiary hearing. Docket Entry No. 10-2. The record was supplemented with these transcripts but the petitioner had not yet filed an appellate brief. Petitioner moved the court for additional time in which to further supplement the record and file his appellate brief. The court granted these requests. Docket Entry No. 10-3. By May, 2009, the petitioner had requested another extension of time in which to supplement the record and file an appellate brief. These requests were also granted. Docket Entry No. 10-4. On June 15, 2009, the Court of Criminal

---

[3] David Collins, a member of the Davidson County Bar, was appointed to represent the petitioner during the prosecution of his post-conviction petition.

5

Appeals confirmed that the record had been further supplemented as requested. Docket Entry No. 10-5; *see also* Docket Entry No. 12-2 at pgs. 7-78. However, it appears that the appeal remains pending because the petitioner's appellate brief has not yet been filed with that court.

In a Notice he sent to the Tennessee Court of Criminal Appeals, the petitioner admitted that he asked counsel "to request for an extension of time so that my brief could be adequately filed with pertinent transcripts ...". Docket Entry No. 12-2 at pg. 5. The petitioner informed the court that he was concerned that counsel might submit an appellate brief containing "shoddy legal material" and instructed the court that "If a brief is filed appellant respectfully requests that it be withdrawn." *Id.* From this, it plainly appears that the delay in adjudicating petitioner's state post-conviction appeal is not wholly attributable to the state but is due, at least in significant part, to the actions of the petitioner. Thus, the petitioner's state court remedies are neither ineffective nor futile. The record shows that the Tennessee Court of Criminal Appeals has been making reasonable efforts to move the petitioner's post-conviction appeal to a final resolution.

### R E C O M M E N D A T I O N

Accordingly, having carefully considered the pleadings and the record in this case, the undersigned finds merit in the respondents' Motion to Dismiss. Therefore, it is respectfully RECOMMENDED that respondents' Motion to Dismiss be GRANTED and that this action should be DISMISSED without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections

6

Case 3:09-cv-00394   Document 15   Filed 07/20/09   Page 6 of 7 PageID #: 446

within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

Entered:   July 20, 2009

Respectfully submitted,

*/s/ Joe B. Brown*

Joe B. Brown
United States Magistrate Judge