UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO FULLER, | ) |
| Petitioner, | ) ) |
| v. | ) No. 3:09-0394 |
| | ) JUDGE ECHOLS |
| STATE OF TENNESSEE, et al., | ) ) |
| Respondents. | ) |

## ORDER

Pending before the Court are the *pro se* Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (Docket Entry No. 1), Respondent's Motion to Dismiss (Docket Entry No. 9), Petitioner's response (Docket Entry No. 12), and the Report and Recommendation ("R&R") entered by the United States Magistrate Judge (Docket Entry No. 15), to which Petitioner filed timely objections (Docket Entry No. 17). The Magistrate Judge recommends dismissing Petitioner's § 2254 petition without prejudice for failure to exhaust state remedies on the ground that Petitioner's appeal from the denial of his motion for post-conviction relief is still pending in the Tennessee Court of Criminal Appeals.

When a party makes timely objections to an R&R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3); Fed.R.Civ.P. 72. The Court has conducted *de novo* review in this case.

1

The R&R accurately sets forth the procedural history of the state criminal case. The Magistrate Judge correctly ruled that Petitioner has not shown that an inordinate delay in resolving his appeal in the Tennessee Court of Criminal Appeals has rendered his state remedy ineffective or futile to permit him to proceed in this federal habeas action without first exhausting his state remedies. It appears that the appellate record, including necessary transcripts, was recently completed, and the Tennessee Court of Criminal Appeals is now waiting for the filing of Petitioner's brief.

The case has been pending in the Tennessee Court of Criminal Appeals for approximately one year, but, as the Magistrate Judge points out, much of the delay has been attributable to the Petitioner's requests for continuances so that necessary transcripts and parts of the record could be prepared and submitted to the appellate court. Although Petitioner contends in his objections to the R&R that his appointed state appellate attorney has been the cause of the delay and that such delay should be attributed to the State and not the Petitioner, the documents Petitioner appends to his objections convince the Court otherwise. The Affidavit of David Collins, which was offered in support of his recent Motion to Withdraw filed in the state case, confirms that much of the delay has been attributable to Petitioner's requests for supplementation of the appellate record and Petitioner's desire to "federalize" his claims in anticipation of a federal habeas petition.

Because Petitioner has not established that his state court remedy is ineffective or futile, the Court concludes that dismissal without prejudice is appropriate so that Petitioner may complete the exhaustion of his state remedies before proceeding with a federal habeas petition. Accordingly,

2

Case 3:09-cv-00394   Document 18   Filed 08/29/09   Page 2 of 3 PageID #: 461

(1) Petitioner's Objection to the Report and Recommendation (Docket Entry No. 17) is hereby OVERRULED;

(2) The R&R entered on July 20, 2009 (Docket Entry No. 15) is hereby ACCEPTED;

(3) Respondents' Motion to Dismiss (Docket Entry No. 9) is hereby GRANTED;

(4) Petitioner's Motion for Appointment of Counsel (Docket Entry No. 4) is hereby DENIED AS MOOT;

(5) This case is hereby DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies;

( 6) Entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a); and

(7) Because Petitioner cannot demonstrate that jurists of reason would find it debatable whether the Court was correct in its rulings, a Certificate of Appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE